UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-2996(DSD/JJG)

_____

In the matter of the
Trusteeship Created by
the Alaska Industrial                    **ORDER**
Development and Export
Authority

_____

    Elizabeth A. Hulsebos, Esq., Patrick J. McLaughlin, Esq., Todd C. Pearson, Esq. and Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402, counsel for petitioner U.S. Bank National Association.

    Crystal M. Patterson, Esq., Fredrikson & Byron, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402 and Stanley T. Lewis, Esq. and Birch, Horton, Bittner & Cherot, 1127 West Seventh Avenue, Anchorage, AK 99501, counsel for respondent Anchorage Community Development.

This matter is before the court upon the motion to dismiss or transfer venue by respondents Anchorage Community Development, LLC (ACD); Grace Community Church, Inc. d/b/a ChangePoint (ChangePoint); and GraceAlaska, Inc. (GraceAlaska) (collectively, respondents). After a review of the file, record and proceedings herein, and for the following reasons, the court transfers this action to the United States District Court for the District of Alaska.

**BACKGROUND**

This dispute arises out of a guaranty executed in connection with construction of a sports facility in Anchorage, Alaska. Nonparty Anchorage Sportsplex, Inc. (ASI) owns facility, and leases

the real property on which it is located from ACD.  Construction was funded by a loan from nonparty Anchorage Industrial Development and Export Authority (AIDEA) to ASI (the Loan Agreement).  See ECF No. 1, Ex. C.  AIDEA raised the funds for the loan by issuing bonds to nonparty Wells Fargo Bank, N.A. (the Indenture).  See id. Ex. A-2.  AIDEA required a guaranty for ASI's loan obligations (the Guaranty).  See id. Ex. G. ChangePoint and GraceAlaska are the guarantors of the loan.  See id.  The Guaranty contains a forum-selection clause, which states:

> The [Guarantors] irrevocably: (1) agree that any suit, action or other legal proceeding arising out of this Guaranty *may* be brought in the courts of the Third Judicial District at Anchorage in the State of Alaska or the courts of the United States for the State of Alaska; (2) consents to the jurisdiction of each such court in any suit, action or proceeding; and (3) waives any objection which it may have to laying of the venue of any suit, action or proceeding in any of such courts.

Id. Ex. G § 7.3 (emphasis added).

ASI defaulted on the Loan Agreement, and Wells Fargo demanded payment from the Guarantors on July 22, 2009.  See id. Ex. J.  The Guarantors did not remit payment.  Petitioner U.S. Bank National Association (U.S. Bank) became the successor trustee on October 21, 2009.  See Petition ¶ 3 n.1., ECF No. 1.  On February 18, 2010, U.S. Bank declared the Guarantors in default.  See id. Ex. K.  On May 27, 2010, U.S. Bank filed an action in Minnesota state court pursuant to Minnesota Statute § 501B.16, seeking a determination of

2

the scope and extent of the trust property. Respondents timely removed.[1] On July 14, 2010, respondents moved to dismiss or transfer venue, arguing that venue is improper in Minnesota and, even if venue is proper, the convenience of the parties and witnesses and the interests of justice favor transfer to the United States District Court for the District of Alaska. The court now considers the motion.

**DISCUSSION**

**I. Transfer under 28 U.S.C. § 1406(a)**

Respondents move to dismiss or transfer the action based on improper venue, arguing that the forum-selection clause in the Guaranty mandates venue in Alaska. U.S. Bank argues that venue in Minnesota is proper because the forum-selection clause in the Guaranty is permissive.

The court must dismiss or transfer a case "laying venue in the wrong division or district." 28 U.S.C. § 1406(a). "[Forum-

---

[1] Respondents assert that ACD, a limited-liability company, is a citizen of Alaska but fail to indicate the citizenship of its members. See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (citizenship of LLC for purposes of diversity jurisdiction is citizenship of its members). Changepoint and GraceAlaska are Alaska nonprofit organizations with their principal places of business in Anchorage, Alaska. Respondents also fail to assert the location of U.S. Bank's main office as designated in its articles of association, see Wachovia Bank v. Schmidt, 546 U.S. 303, 319 (2006), but state that U.S. Bank's principal corporate trust office is in St. Paul, Minnesota. The amount in controversy exceeds $75,000, exclusive of interests and costs.

3

selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); see also Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006).[2]

In evaluating enforceability, the court first determines whether the forum-selection clause is permissive or mandatory. Dunne v. Libbra, 330 F.3d 1062, 1063 (8th Cir. 2003). Unlike mandatory clauses, which contain specific language indicating the parties' intent to designate one forum as exclusive, "permissive clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." Fla. State Bd. of Admin. v. Law Eng'g & Envtl. Servs., Inc., 262 F. Supp. 2d 1004, 1009 (D. Minn. 2003) (internal quotations omitted). See also Dunne, 330 F.3d at 1064.

The words "may" and "should" generally signify permissive clauses, while the words "shall," "will" or "must" generally signify mandatory clauses. See McDonnell Douglas Corp. v. Islamic Republic of Iran, 758 F.2d 341, 346-47 (8th Cir. 1985) (describing "should" as permissive and "must" as mandatory); GMAC Commercial Mortg. Corp.

---

[2] The Eighth Circuit has not resolved whether enforcement of forum-selection clauses is to be determined under federal procedural law or state substantive law. See Servewell Plumbing, 439 F.3d at 789. However, the analysis here would be the same under state law. See Volkswagenwerk v. Klippan, 611 P.2d 498, 503 (Alaska 1980); Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W.2d 886, 889-90 (Minn. 1982).

v. LaSalle Bank Nat'l Ass'n, 242 F. Supp. 2d 279, 283 (S.D.N.Y. 2002) ("may" suggests permissive forum-selection clause).

Respondents argue that the forum-selection clause in the Guaranty is mandatory. The court disagrees. The forum-selection clause in the Guaranty contains no mandatory language and shows no intent to make jurisdiction exclusive. It merely provides that any legal action "*may be brought* in the courts of the Third Judicial District at Anchorage in the State of Alaska or the courts of the United States for the State of Alaska." ECF No. 1 Ex. G § 7.3 (emphasis added). As a result, the plain language of the Guaranty does not mandate venue in Alaska.

Respondents next argue that forum-selection clauses in documents executed concurrently with the Guaranty indicate that the parties intended to lay venue exclusively in Alaska. Unlike the Guaranty, each companion document contains mandatory language. See Trust Indenture § 11.14, ECF No. 1 Ex. A-2 (action "shall be filed and maintained" in Alaska); Loan Agreement § 21, ECF No. 1 Ex. C (action "shall be filed and maintained" in Alaska); Land Lease § 18.14, ECF No. 1 Ex. E (venue "shall be" in Alaska). These companion documents show that respondents know how to use mandatory language when they intend to do so. The use of permissive language in the Guaranty indicates that the parties did not intend Alaska to

5

be the exclusive forum for disputes arising out of the Guaranty. Therefore, venue in Alaska is not mandatory and venue in Minnesota is proper.[3]

## II. Transfer under 28 U.S.C. § 1404

The court may transfer a case to another forum in which it might have been brought "[f]or the convenience of parties and witnesses [and] in the interest of justice ...." 28 U.S.C. § 1404(a). Actions transferred under § 1404(a) retain the substantive law of the transferor forum. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990). A plaintiff's choice of forum receives "considerable deference" unless it is inconvenient, "and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." In re Apple, 602 F.3d 909, 913 (8th Cir. 2010). The court evaluates "the convenience of the parties; the convenience of the witnesses; the interests of justice; and any other relevant factors" to determine if transfer is warranted. Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997).

### A. Convenience of the Parties

Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient. See In re Apple, 602 F.3d at 915. Respondents first

---

[3] The parties do not dispute that venue in Minnesota is proper under 28 U.S.C. § 1391.

6

argue that they have limited financial resources compared to U.S. Bank, and litigating in Minnesota burdens them significantly more than transferring venue would burden U.S. Bank. See Steele Aff. ¶ 6, ECF No. 8. U.S. Bank argues that transfer merely shifts the inconvenience and burden to the trust estate. In a dispute between corporations with markedly different resources, such as here, the court may consider the parties' relative financial ability, but it is not an "overriding factor." See LeMond Cycling, Inc. v. Trek Bicycle Corp., No. 08-1010, 2008 WL 2247084, at *2 (D. Minn. May 29, 2008). As a result, the parties' relative financial ability is neutral or slightly favors transfer.

Respondents next argue that all evidence related to "ASI's operating deficit" and "whether the Guarantors have satisfied their guaranty obligations is located in Alaska." Steele Aff. ¶ 6, ECF No. 8. U.S. Bank argues that any documentary evidence will be copied and sent to all parties regardless of venue. Although progress in communications and transportation has diminished the burden of litigating in a foreign forum, it has not eliminated it. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 294 (1980). While "electronic filings may lessen the inconvenience of document handling" the need to "refer to original documents or evidence" may be considered. See In re Apple, 602 F.3d 909, 914 (8th Cir. 2010). Therefore, the location of evidence slightly favors Alaska.

7

Lastly, respondents argue that the Guaranty was executed in Alaska, nearly all transactions related to the bonds and the Guaranty occurred in Alaska, and the U.S. Bank officer responsible for overseeing default administration does not reside in Minnesota. U.S. Bank argues that respondents complain that the trustee failed to accelerate the bond agreement, and, if the failure to accelerate can be associated with any particular place, it is Minnesota. As the petitioner in this action, however, U.S. Bank complains that respondents failed to satisfy the Guaranty, not of its own failure to accelerate. If failure to satisfy the Guaranty can be associated with any particular place, it is Alaska, where the Guarantors are located. Therefore, the convenience of the parties favors Alaska.

**B. Convenience of the Witnesses**

This factor determines the "relative ease of access to sources of proof." See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). Relevant considerations include the number of essential nonparty witnesses, their location, and the preference of courts for live testimony. See Coast-to-Coast Stores, Inc. v. Womack-Bowars, Inc., 594 F. Supp. 731, 734 (D. Minn. 1984). All nonparty witnesses to this action are located in Alaska,[4] including officers of AIDEA and ASI. U.S. Bank argues that convenience of the witnesses is not a relevant consideration because extrinsic evidence will be barred by

---

[4] As a result, the failure to identify specific essential witnesses is not dispositive.

8

the parol evidence rule. Parol evidence is admissible, however, to determine the meaning of a contract if it is ambiguous.[5] See <u>Alaska Diversified Contractors Inc., v. Lower Kuskokwim Sch. Dist.</u>, 778 P.2d 581, 583-84 (Alaska 1989); <u>Flynn v. Sawyer</u>, 272 N.W.2d 904, 908-09 (Minn. 1978). Here, the parties' differing interpretations of the Guaranty are central to their respective responsibilities, and parol evidence might be admissible. Therefore, the convenience of the witnesses favors Alaska.

### C. Interests of Justice

The court considers several factors in evaluating the interests of justice, including: (1) judicial economy, (2) the petitioner's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of laws issues, and (7) the advantages of having a local court determine the questions of local law. See <u>Terra Int'l, Inc. v. Miss. Chem. Corp.</u>, 119 F.3d 688, 696 (8th Cir. 1997).

#### 1. Judicial Economy

Respondents argue that transfer serves judicial economy because ASI filed for bankruptcy in Alaska, U.S. Bank hired local counsel to represent it in that action, and it is likely that discovery proceedings for the bankruptcy proceeding and the instant action can

---

[5] The court expresses no opinion on whether the Guaranty is ambiguous.

9

be scheduled concurrently. Although different rights are at stake in the two actions, the matters are sufficiently interrelated that litigating both actions in Alaska favors judicial economy. Therefore, this factor favors Alaska.

### 2. Petitioner's Choice of Forum

There is a strong presumption in favor of a petitioner's choice of its home forum. See Terra Int'l, 119 F.3d at 695. Courts afford that choice less deference when, as here, the transaction or underlying facts did not occur in the chosen forum. See Hoppe v. G.D. Searle & Co., 683 F. Supp. 1271, 1276 (D. Minn. 1988). However, U.S. Bank's principal corporate trust office is in Minnesota, and there are relevant connections between Minnesota and this action. See In re Apple, 602 F.3d 909, 913 (8th Cir. 2010). Therefore, this factor favors Minnesota.

### 3. Conflict of Laws and Local Interpretation of Law

U.S. Bank argues that the District of Minnesota is the only district familiar with Minnesota Statute § 501B.16. However, the statute is not so difficult or unclear as to render the District of Minnesota uniquely qualified to interpret it. Moreover, the federal court in Minnesota has no particular expertise in applying the state law at issue in this case. The District of Alaska and this court are equally capable of applying Minnesota law. Therefore, this factor is neutral.

### 4. Costs of litigating, Obstacles to a Fair Trial and Ability to Enforce Judgment

The parties agree that the remaining factors are neutral. Therefore, the interests of justice do not favor either forum.

### CONCLUSION

Accordingly, based on a balancing of factors, **IT IS HEREBY ORDERED** that respondents' motion [Doc. No. 2] is granted in part, and the case is transferred under 28 U.S.C. § 1404(a) to the United States District Court for the District of Alaska.

Dated: November 19, 2010

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court